94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rita Sanders GEIER, et al., Plaintiffs-Appellees,
United States of America, Plaintiff Intervenor-Appellee,
Raymond A. Richardson, Jr., et al., Plaintiffs Intervenors-Appellees,
v.
Don SUNDQUIST, et al., Defendants,
Tennessee State University National Alumni Association,
Intervention-Appellant.
 No. 95-5844.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1996.
 
 Before: GUY, RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Tennessee State University National Alumni Association ("Alumni Association") appeals the district court's denial of its motion to intervene as of right, Fed.R.Civ.P. 24(a)(2), in the case of Geier v. Sundquist, No. 5077 (M.D.Tenn. Filed May 21, 1968). At issue is whether the district court erred in denying the Alumni Association's motion. We AFFIRM.
 
 I.
 
 2
 The lengthy history of this case is set forth in the prior opinions of this court and the district court. Geier v. Alexander, 801 F.2d 799 (6th Cir.1986); Geier v. University of Tennessee, 597 F.2d 1056 (6th Cir.), cert. denied, 444 U.S. 886 (1970); Geier v. Blanton, 427 F.Supp. 644 (M.D.Tenn.1977); Geier v. Dunn, 337 F.Supp. 573 (M.D.Tenn.1972); and Sanders v. Ellington, 288 F.Supp. 937 (M.D.Tenn1968). We briefly summarize the relevant facts.
 
 
 3
 In 1968, several African Americans ("Geier Plaintiffs") sued the Governor of Tennessee, the University of Tennessee ("UT"), Tennessee A & I State University, and various Tennessee education agencies and officials to enjoin UT from expanding its program at a nondegree granting center in Nashville ("UT-N"). The complaint alleged that any expansion of UT-N would affect the efforts of Tennessee State University ("TSU"), a predominantly black institution, to desegregate its student body and faculty. Subsequently, the case became a vehicle for the desegregation of state-affiliated colleges and universities in Tennessee.
 
 
 4
 The United States intervened as a plaintiff in 1968. In 1973, a group of parents, teachers, and faculty members ("Richardson Intervenors") were allowed to intervene. In 1983, the district court allowed another group of black and white TSU faculty members and students to intervene ("McGinnis Intervenors"). Also in 1983, the district court allowed the Alumni Association, which consists of graduates of TSU, to appear as amicus curiae.
 
 
 5
 In 1984, all of the parties except the United States agreed to a settlement agreement ("Settlement"), which the district court entered as an order. The Settlement was affirmed in Geier v. Alexander, 801 F.2d 799 (6th Cir.1986). Under the Settlement, defendants agreed to promote system-wide desegregation by a variety of means including (1) attempting to obtain a student body at TSU that is 50% white; (2) assuring that changes in admissions policies do not have adverse racial impact; and (3) actively recruiting African-American faculty and administrative staff for Tennessee's predominantly white institutions.
 
 
 6
 In June 1994, the McGinnis Intervenors moved for an order requiring TSU to comply in good faith with the Settlement. The following month, the State of Tennessee filed a motion to vacate the Settlement and terminate the litigation. On August 9, 1994, the Alumni Association filed an amicus response to the McGinnis Intervenors' motion, as well as a motion seeking permissive intervention and intervention as of right.
 
 
 7
 At a status conference on February 13, 1995, the district court denied the Alumni Association's motion to intervene, but continued to allow its amicus submissions. This appeal followed.
 
 II.
 
 8
 This court has jurisdiction to hear the Alumni Association's appeal as a collateral order. Purnell v. City of Akron, 925 F.2d 941, 944-45 (6th Cir.1991). We review de novo the denial of a motion to intervene as of right, except for the timeliness requirement which is reviewed for abuse of discretion. Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989).
 
 
 9
 An applicant may intervene as of right in ongoing litigation provided certain criteria are met. Fed.R.Civ.P. 24(a). Intervention as of right under Rule 24(a)(2) is possible if: (1) the application for intervention is timely; (2) the applicant has a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest would be impaired unless intervention were allowed; and (4) the present parties do not adequately represent the applicant's interests. Cuyahoga Valley Ry. Co. v. Tracy, 6 F.3d 389, 395 (6th Cir.1993).
 
 
 10
 In the instant case, the Alumni Association and the current defendants seek the same objective, namely, to have the Settlement vacated and to end the litigation. The Alumni Association believes, however, that the current defendants have not adequately briefed the matter.
 
 
 11
 We first address the question of inadequacy of representation because it is dispositive of this appeal. The proposed intervenor bears the burden of demonstrating that the current participants in a case do not adequately represent its interests. Jansen v. City of Cincinnati, 904 F.2d 336, 342-43 (6th Cir.1990). Factors to be considered in determining the adequacy of representation are: (1) if there is collusion between the representative and an opposing party; (2) if the representative fails in the fulfillment of his duty; and (3) if the representative has an interest adverse to the proposed intervenor. Purnell, 925 F.2d at 949-50. When a state is involved in litigation involving a sovereign interest, it is presumed to represent the interests of its citizens. Delaware Valley Citizens' Council for Clean Air v. Pennsylvania, 674 F.2d 970, 973 (3d Cir.1982).
 
 
 12
 The state of Tennessee adequately represents the Alumni Association's interests. Plaintiff's only dissatisfaction with the state of Tennessee is its alleged failure to rely sufficiently on the Supreme Court decision of United States v. Fordice, 505 U.S. 717 (1992)[1]. As an initial matter, this objection is puzzling because the state of Tennessee relies extensively on Fordice in its Memorandum in Support of their Motion to Vacate filed with the district court. Whether Tennessee should rely more heavily on the Fordice decision is simply a question of litigation strategy. Such disagreements are inadequate to form the basis of a right to intervene. Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir.1987) ("A mere disagreement over litigation strategy or individual aspects of a remediation plan does not, in and of itself, establish inadequacy of representation"). Because certain parties adequately represent the Alumni Association's interests in this case, it cannot meet the requirements of Rule 24(a) and therefore may not intervene as of right.
 
 III.
 
 13
 The denial of the Alumni Association's motion to intervene is AFFIRMED.
 
 
 
 [1]
 In United States v. Fordice, 505 U.S. 717 (1992), the Supreme Court held that the desegregation of institutions of higher education does not require racial balance. Rather, the state meets its obligation to dismantle a formerly dual system of higher education when it eradicates policies and practices traceable to the prior dual system to the extent practicable and consistent with sound educational policies. Id. at 729-30